THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MARK OTIS BOATWRIGHT,** :<br>  :<br>   **Plaintiff,** :<br>  :<br> v.  :<br>  :<br> **OMI, Inc.,** :<br>  :<br>   **Defendant.** :<br>  : | Civil Action<br>No. 5:05-cv-266 (CAR) |

### *ORDER ON MOTION TO DISMISS*

Before the Court is Defendant's Motion to Dismiss [Doc 18], in which Defendant contends that Plaintiff's claims of employment discrimination are barred by his failure to exhaust administrative remedies. Plaintiff has filed a Response and Motion to Amend his Original Complaint [Doc 21] to which Defendant has replied [Doc 23]. Plaintiff is proceeding *pro se* in this case. His Complaint alleges employment discrimination claims in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act, the Americans with Disability Act ("ADA"), and certain constitutional violations actionable under 42 U.S.C. § 1983. For the reasons set forth below, Defendant's Motion to Dismiss [Doc 18] is **GRANTED**, and Plaintiff's Motion to Amend [Doc 21] is **DENIED** as futile; Plaintiff's case is hereby **DISMISSED**.

1

**BACKGROUND**

For consideration of Defendant's Motion to Dismiss, the Court accepts as true all facts alleged in the Complaint and Amended Complaint.[1]  Plaintiff is a black male who was employed with Defendant from October 29, 2001 to November 6, 2002.  Plaintiff claims that Defendant discriminated against him by accommodating a white employee returning to work on temporary disability with a light work assignment, while denying the same type of treatment to Plaintiff.  Plaintiff alleges the discrimination occurred from August 2002, to November 6, 2002, the date Plaintiff was discharged.

Plaintiff sought administrative review of his claims.  On January 30, 2003, Plaintiff prepared a claim of discrimination with the Office of Federal Contract Compliance Programs ("OFCCP") wherein Plaintiff made a number of allegations, none of which alleged discrimination based on race, nor implicated Title VII or the ADA.  After receiving Plaintiff's complaint, the Atlanta Division of the OFCCP, in a letter dated March 5, 2003, informed Plaintiff that "the allegations stated in your complaint do not convey that discrimination occurred under the programs enforced by the OFCCP.  Therefore we have closed our processing of your complaint." (Plaintiff's amended complaint, Exhibit 23).  The OFCCP referred Plaintiff's complaint "contain[ing] issues regarding his benefits" and

---

[1] In response to Defendant's Motion to Dismiss, Plaintiff filed an amended complaint.  In ruling on Defendant's Motion to Dismiss, the Court considered all allegations in the amended complaint to be true; however, even taken as true, Plaintiff's amended allegations fail to save this action.  Therefore, the Court denies Plaintiff's Motion to Amend the Complaint as futile.

"problems with [Plaintiff's] salary" to the U.S. Department of Labor.  (Pl's Amended Complaint, Exhibits 32 and 33).

Nearly ten months after Plaintiff was terminated, on August 26, 2003, Plaintiff wrote a letter to the Atlanta Division of the OFCCP inquiring about the status of his complaint. Approximately one month later, on September 29, 2003, the OFCCP responded that his complaint "was not referred to the U.S. Equal Employment Opportunity Commission because it did not describe discrimination under Title VII."  (Pl's Am. Complaint, Exhibit 22).  Several months later, in July 2004, Plaintiff again wrote to the Atlanta Division of the OFCCP inquiring about his complaint.  On July 23, 2004, the OFCCP again responded and reiterated that Plaintiff's complaint had been referred to the U.S. Department of Labor "because [Plaintiff's] complaint described discrepancies with [Plaintiff's] pay and problems in receiving medical attention when [he was] injured on the job."  The OFCCP explained that "[s]ince [the complaint] did not describe employment discrimination based on race, color, religion, gender, or national origin, [Plaintiff's] complaint did not come under jurisdiction by the OFCCP."  (Pl's Am. Comp., Exh. 6).

On August 2, 2004, almost two years after Plaintiff was terminated from his employment, Plaintiff alleged for the first time in correspondence to the OFCCP that he was discriminated against because of race and disability and that he suffered retaliation.  (Pl's Am. Compl. Exh. 14-18).  Based on Plaintiff's letter, the Atlanta Division of the OFCCP forwarded his complaint to the EEOC. (Pl's Am. Compl. Exh. 4-5 and 1(a)).  On September 29, 2004, the EEOC responded to Plaintiff's September 17, 2004 intake questionnaire and

concluded that over 747 days had elapsed since the alleged discrimination, and therefore, because Plaintiff's charge was not filed within 180 days of the alleged discrimination, the EEOC could not assist him.  (Pl's Am. Compl. Exh. 43).  In response to follow-up correspondence from Plaintiff, the EEOC reiterated on October 19, 2004, that it did not have jurisdiction over plaintiff's claims and reminded Plaintiff that the OFCCP had not previously forwarded his first complaint to the EEOC because it contained no allegation of discrimination under Title VII and that he had not alleged race discrimination until August 2, 2004.  (Pl's Am. Compl. Exh. 44).

Among other reasons, Defendant moves this Court to dismiss Plaintiff's Title VII and ADA claims because Plaintiff failed to file a complaint with the EEOC within 180 days of the alleged discriminatory conduct, and to dismiss Plaintiff's Equal Pay Act and § 1983 claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## ANALYSIS

*Motion to Dismiss Standard*

A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  Accordingly, the Court must accept the facts alleged in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff.  Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999).  If the facts contained in the complaint would allow the plaintiff to recover under any theory,

the motion to dismiss must be denied.  Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1996).  If, however, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the plaintiff's claim must be dismissed.  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

*Plaintiff's Title VII and ADA Claims*

Before filing a civil action against an employer under Title VII or the ADA,[2] a plaintiff must exhaust his administrative remedies.  Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (citing Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999)).  This requires, in part, filing a timely charge of discrimination with the EEOC prior to filing a complaint in federal court.  Id. (citing 42 U.S.C. § 2000e-5(b) (1994)).  To be timely, the charge of discrimination must be filed with the EEOC within 180 days from the date of the alleged unlawful employment practice.  Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003).  Unless the alleged acts of discrimination have been made the subject of a timely filed EEOC charge of discrimination, the alleged acts cannot form the basis of a Title VII claim.  Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000).  If a plaintiff fails to file an EEOC charge before the end of the 180-day limitations period, the claim will be barred for failure to exhaust administrative remedies.  Watson, 324 F.3d at 1258.

---

[2] See 42 U.S.C.A. § 12117(a) (adopting Title VII's charge-filing requirements).

It is clear that Plaintiff did not file his discrimination charge with the EEOC within 180 days from the date of the alleged discriminatory conduct. Despite being informed on March 5, 2003, that he had not alleged discrimination in the initial complaint he filed with the OFCCP, Plaintiff never asserted race or disability discrimination or retaliation until almost two years after the alleged discrimination occurred. Because Plaintiff failed to exhaust his administrative remedies, Plaintiff's Title VII and ADA claims are hereby **DISMISSED** *with prejudice*.

*Plaintiff's Equal Pay Act Claims*

The Equal Pay Act ("EPA") applies to disparities in pay between male and female employees. The EPA prohibits employers from paying employees of one sex less than employees of another sex for equal work. Beavers v. Am. Cast Iron Pipe Co., 975 F.2d 792, 801 (11th Cir. 1992). In order to establish a prima facie case for an EPA violation, a plaintiff must show that his employer "pays different wages to employees of opposite sexes 'for equal work on jobs ... [requiring] equal skill, effort and responsibility, and which are performed under similar working conditions.'" Corning Glass Works v. Brennan, 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974) (quoting 29 U.S.C. § 206(d)(1)).

Nowhere in Plaintiff's complaint does he allege any differences in pay or benefits based on gender. In fact, Plaintiff's complaint fails to make reference to gender at all. Because Plaintiff does not allege any form of gender discrimination actionable under the

EPA, Plaintiff's EPA claims are hereby **DISMISSED** *without prejudice* for failure to state a claim upon which relief may be granted.

*Plaintiff's Section 1983 Claims*

In his amended complaint, Plaintiff broadly alleges violations of his federal constitutional rights under 42 U.S.C. § 1983.  Defendant argues that any claim Plaintiff asserts under section 1983 must be dismissed for failure to state a claim because Defendant is a private corporation and any actions taken by Defendant were not under color of state law.  The Court agrees.

"Section 1983 provides a private right of action whenever an individual has been deprived of any constitutional or statutory federal right under color of state law." Schwier v. Cox, 340 F.3d 1284, 1290 (11th Cir. 2003).  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  A private party may be held liable as a state actor only if one of the following three conditions are met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('state compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test').

Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting NBC, Inc. v. Commun'cns. Workers of Am., 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

It is undisputed that Defendant is a private corporation.  Therefore, for Plaintiff's § 1983 claims to be actionable, Plaintiff must at least assert a factual basis that Defendant may be held liable under one of the three tests set forth above.  Plaintiff's Complaint fails in this regard.  The Complaint does not assert a factual basis for a claim under the state compulsion test because Plaintiff does not allege that the state either coerced or at least significantly encouraged Defendant's wrongful actions.  Nor does Plaintiff allege facts supporting a theory that Defendant, as a private party, performed a public function that was traditionally the exclusive prerogative of the state.

Plaintiff seems to insinuate that Defendant may be held liable as a state actor under the joint action test because Defendant contracted with the federal government.  However, the Supreme Court has made it clear that government contractors do not act under color of law simply because of their contracts with the government.  Kendel-Baker v. Kohn, 457 U.S. 830, 841 (1982) ("Acts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.").  The mere fact that Defendant contracted with the federal government, without more, does not establish that Defendant was acting under color of state law.  Therefore, Plaintiff's section 1983 claims are hereby **DISMISSED** *without prejudice*.

**CONCLUSION**

For the reasons explained above, Defendant's Motion to Dismiss [Doc 18] is **GRANTED**, and Plaintiff's Response and Motion to Amend Original Complaint [Doc 21] is **DENIED as futile**.

**SO ORDERED**, this 29th day of August, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH/aeg